UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------------x

LUIGI SELCA

                                                              EFC-CASE
                                                              08cv4521
                          Plaintiff                           LAK

                             v.                               JURY TRIAL

DOUGLAS ELLIMAN PROPERTY MANAGEMENT,
SOUNDVIEW MANAGEMENT LLC, SG2 MANAGEMENT,
LLC, AAF SOUNDVIEW MANAGEMENT, JOHN COLEMAN,
WARREN HARR
                          Defendants

------------------------------------------------------------------------------------x

## JURISDICTION AND VENUE

1) This case arises under title VII of the Civil Right Act of 1964, 42 U.S.C. 2000e et seq., more particular 42 U.S.C. 2000e-2(a)(1).

2) Venue is proper in this District pursuant to 28 U.S.C. 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this District and that Defendants reside/place of business is within this District.

3) This case also arises under New York State Executive Law. Sec. 296 et seq. and New York City Human Rights Law, N.Y.C. Admin Code Sec 8-107 et. seq. Jurisdiction arises under 28 U.S.C. 1367(a).

## PREREQUISITES TO COMMENCING LAWSUIT

4) Within 180 days of the occurrence of the acts, which this complaint is based, Plaintiff LUIGI SELCA timely filed charges of discrimination against

defendants with the United States Equal Employment Opportunity Commission, New York District Office.

5) The EEOC did not resolve this issue and Right to sue letter dated February 22, 2008 was sent to Plaintiff LUIGI SELCA (Ex. A)

6) Plaintiff LUIGI SELCA has complied with the authorization set out in the Right to Sue letter by instituting this action with ninety (90) days for the date of receipt of the letter.

## NATURE OF ACTION

7) Plaintiff was employed as a Superintendent at 752 Pelham Parkway S. #3S Bronx, New York, 10462 and was employed/responsible as an employee to Defendants at all relevant times.

8) This case involves discrimination based upon nationality. Plaintiff is of Albanian nationality.

9) Plaintiff was terminated from his employment because of his nationality.

10) Defendants are owners/managing agents/otherwise responsible for the premises located at 752 Pelham Parkway S., #3S, Bronx, New York, 10462 and its employees.

## PARTIES

11) Plaintiff LUIGI SELCA was employed by Defendants as a Superintendent and was terminated because of his Albanian nationality.

12) Plaintiff LUIGI SELCA resides in the State of New York, City of New York and County of Bronx, New York 10462.

13) Defendants are owners, property managers, responsible for including, but not limited to management, hiring and employment of individuals working at 752 Pelham Parkway S., #3S, Bronx, New York, 10462.

14) Defendant DOUGLAS ELLIMAN PROPERTY MANAGEMENT is a business entity with place of business at 675 3rd, Avenue, 6th Floor, New York, New York, 10017.

15) Defendant SOUNDVIEW MANAGEMENT, LLC is a domestic limited liability company with a place of business at 25 West 45th Street Suite 505, New York, New York, 10036.

16) Defendant SG2 MANAGEMENT, LLC, is a domestic limited liability company with place of business at 25 West 45th Street Suite 505, New York, New York, 10036.

17) Defendant AAF SOUNDVIEW MANAGEMENT is a business entity with a place of business at 25 West 45th Street Suite 505, New York, New York, 10036.

18) Defendant JOHN COLEMAN is employed by Defendants

19) Defendant WARREN HARR is employed by defendants.

20) Defendants are subject to title VII because it has continuously and does employ more than fifteen persons and is now engaged in an industry affecting commerce.

## AS AND FOR A FIRST CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. 2000e, ET. SEQ. MORE PARTICULARLY SEC. 2000e(a)(1) FOR TERMINATING PLAINTIFF BASED ON HIS NATIONALITY.

21) Plaintiff LUIGI SELCA was employed as a full time Porter/Superintendent from on/about December 15th, 1993 until or/about May 31st, 2007.

22) As a full-time employee the terms and conditions of his employment included, but were not limited to a weekly salary, rent free apartment and health insurance.

23) On/about May 1st, 2007, Plaintiff LUIGI SELCA made a complaint to Defendants regarding ethnic slurs and derogatory comments that had previously been made on numerous occasions, including but not limited, to April 10th, 2007 and April 16th, 2007. These acts were committed by defendants JOHN COLEMAN/WARREN HARR

24) Plaintiff LUIGI SELCA believed this to be a protected activity.

25) During this verbal attacks Defendants cursed and used profanities directed at Plaintiff's nationality, including but not limited to "get the f… out of here, you f…Albanian. Albanians don't tell us what to do.

26) Plaintiff LUIGI SELCA was subsequently illegally terminated on/about May 31st, 2007, based upon nationality discrimination.

27) Plaintiff LUIGI SELCA has suffered economic loss, humiliation, embarrassment and emotional distress.

28) Under U.S.C. Sec. 1367(c) Plaintiff is entitled to actual damages, punitive, damages, injunctive relief and reasonable attorney fees.

## AS AND FOR A SECOND CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. 2000e, ET. SEQ. MORE PARTICULARLY SEC. 2000e 2(a)(i) FOR TERMINATION OF EMPLOYMENT BASED ON NATIONALITY

29) Plaintiff LUIGI SELCA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" inclusive, with the same force and effect as though fully herein set forth at length.

30) On or about May 22nd, 2007 Defendants JOHN COLEMAN and WARREN HARR while working, told Plaintiff "go home you are an Albanian, you don't' belong in the Bronx".

31) Plaintiff LUIGI SELCA was subsequently illegally terminated on/about May 31st, 2007, based upon nationality discrimination.

32) Plaintiff LUIGI SELCA has suffered economic loss, humiliation, embarrassment and emotional distress.

## AS AND FOR A THIRD CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. 2000e, ET. SEQ. MORE PARTICULARLY SEC. 2000e(a)(i) FOR TERMINATION OF EMPLOYMENT BASED ON NATIONALITY

33) Plaintiff LUIGI SELCA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" inclusive, with the same force and effect as though fully herein set forth at length.

34) Commencing on/about April 1st, 2007 continuing until May 31st, 2007, Plaintiff LUIGI SELCA was subject to continuous ethnic slurs, insulting profanities and denigrating remarks, including but not limited to being referred to as being more stupid than the Spanish people living in the neighborhood/building, plaintiff was so stupid that he didn't speak Spanish and is worthless, numerous references to the inferiority of Albanians and that what is needed is a non Albanian Superintend.

35) Plaintiff LUIGI SELCA was subsequently illegally terminated on/about May 31st, 2007, based upon nationality discrimination.

36) Plaintiff LUIGI SELCA has suffered economic loss, humiliation, embarrassment and emotional distress.

37) Under U.S.C. Sec. 1367(c) Plaintiff is entitled to actual damages, punitive, damages, injunctive relief and reasonable attorney fees.

## AS AND FOR A FOURTH CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. 2000e, ET. SEQ. MORE PARTICULARLY SEC. 2000e(e)(a)(i) HOSTILE ENVIRONMENT

38) Plaintiff LUIGI SELCA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "37" inclusive, with the same force and effect as though fully herein set forth at length.

39) That all the discriminatory acts/statements complained of resulted in a hostile work environment.

40) The conduct of Defendants' upon which Plaintiff claim of discrimination is predicated was unwelcome, unwanted and degrading.

41) Defendants conduct/words were prompted simple because of his nationality.

42) Defendant's conduct/words created a hostile environment, which affected a term condition or privilege of his employment. As a result Plaintiff LUIGI SELCA was fired.

43) Defendants are responsible for their conduct when they created a severe and pervasive environment permeated by ridicule, insult, humiliation, degradation and emotional distress.

## AS AND FOR A FIFTH CAUSE OF ACTION

### ASSAULT AND BATTERY

44) Plaintiff LUIGI SELCA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "43" inclusive, with the same force and effect as though fully herein set forth at length.

45) On/about June 5, 2007 Defendant WARREN HARR physically attacked Plaintiff in retaliation for a complaint made by Plaintiff LUIGI SELCA regarding Defendants forcing their way into tenants apartments and threatening these tenants.

46) This offensive conduct and apprehension of imminent harm resulted in Plaintiff's injury, degradation, humiliation, embarrassment and emotional distress.

## AS AND FOR A SIXTH CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. 2000e, ET. SEQ. MORE PARTICULARLY SEC. 2000e 2 (k)(i)  DISPARATE IMPACT

47) Plaintiff LUIGI SELCA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "46" inclusive, with the same force and effect as though fully herein set forth at length

48) Defendants conduct/words can only affect individuals of Albanian nationality. Furthermore, Defendants' conduct/policies exclude a disproportionate number of individuals of Albanian nationality

## AS AND FOR A SEVENTH CAUSE OF ACTION

### VIOLATION OF ART. 15 OF THE NEW YORK STATE EXECUTIVE LAW. SEC. 296 ET SEQ

49) Plaintiff LUIGI SELCA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" inclusive, with the same force and effect as though fully herein set forth at length.

50) Defendants' conduct constitutes an unlawful discriminatory practice in that by terminating his employment they have discriminated against Plaintiff LUIGI SELCA in the term conditions/privileges of employment based upon his nationality.

51) Accordingly, he is entitled to actual damages, punitive, damages and injunctive relief pursuant to Art. 15 of the New York State Executive Law. Sec. 297(9).

## AS AND FOR AN EIGHTH CAUSE OF ACTION

## VIOLATION OF ART. 15 OF THE NEW YORK STATE EXECUTIVE LAW. SEC. 296 ET SEQ, HOSTILE ENVIRONMENT

52) Plaintiff LUIGI SELCA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" inclusive, with the same force and effect as though fully herein set forth at length.

53) As a result of Defendants illegal, discriminatory actions/words a hostile environment which affected the terms and condition and privileges of his employment.

## AS AND FOR A NINTH CAUSE OF ACTION

## VIOLATION OF ART. 15 OF THE NEW YORK STATE EXECUTIVE LAW. SEC. 296 ET SEQ, MORE PARTICULARLY SEC. 296(6) AIDING AND ABETTING

54) Plaintiff LUIGI SELCA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" inclusive, with the same force and effect as though fully herein set forth at length.

55) Each and every Defendant aided and abetted one another by illegally and in furtherance of an act prohibited by this Article used humiliating, embarrassing, denigrating acts/words resulting in the illegal termination of his employment. Such conduct was done with the knowledge/consent and did nothing to prevent the acts/words attributable to the Defendants.

AS AND FOR A TENTH CAUSE OF ACTION

VIOLATION OF ART. 15 OF THE NEW YORK STATE EXECUTIVE LAW. SEC. 296 ET SEQ, MORE PARTICULARLY SEC. 296(7) RETALIATION DISCRIMINATION

56) Plaintiff LUIGI SELCA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" inclusive, with the same force and effect as though fully herein set forth at length.

57) That as a result of Defendants actions/word Defendants retaliated against Plaintiff LUIGI SELCA after he complained about the discrimination he suffered.

58) The Defendants were aware of the protected activity

59) Plaintiff LUIGI SELCA employment was illegally terminated based upon his nationality.

60) Plaintiff LUIGI SELCA is entitled to actual damages, punitive, damages and injunctive relief pursuant to Art. 15 of the New York State Executive Law. Sec. 297(9).

AS AND FOR A ELEVENTH CAUSE OF ACTION

AIDING AND ABETTING, N.Y.C. ADMIN. CODE SEC 8-107(6)

61) Plaintiff LUIGI SELCA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "60" inclusive, with the same force and effect as though fully herein set forth at length.

62) Each Defendant aided and abetted each discriminatory act complained of by their actions, furthering/allowing the forbidden acts to occur.

63) The acts complained of were willful, hateful, intentional and were meant to harm Plaintiff LUIGI SELCA.

64) This intentional and deliberate conduct was calculated to harass, annoy and produce emotional distress.

65) Plaintiff LUIGI SELCA is an aggrieved person as defined in the N.Y.C Code §502(a) and has suffered damages as a result of the Defendants' discriminatory conduct.

66) Plaintiff LUIGI SELCA is entitled to actual damages, punitive, damages and injunctive relief and reasonable attorney fees/costs.

### AS AND FOR A TWELVETH CAUSE OF ACTION

### RETALIATION, N.Y.C. ADMIN CODE SEC 8-107 ET. SEQ. MORE PARTICULARLY § 8-107(7)

67) Plaintiff LUIGI SELCA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "66" inclusive, with the same force and effect as though fully herein set forth at length.

68) Plaintiff LUIGI SELCA is an aggrieved person as defined in the N.Y.C Code §502(a) and has suffered damages as a result of the Defendants' discriminatory acts.

69) Plaintiff LUIGI SELCA is entitled to actual damages, punitive, damages and injunctive relief and reasonable attorney fees.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION

### VIOLATION OF N.Y.C. ADMIN CODE SEC 8-107 ET. SEQ. MORE PARTICULARLY SEC. § 8-107(1)(a) HOSTILE ENVIRONMENT

70) Plaintiff LUIGI SELCA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "69" inclusive, with the same force and effect as though fully herein set forth at length.

71) Defendants conduct/words created a hostile environment which affected a term, condition or privilege permeated by ridicule, insult, humiliation and degradation.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

72) Plaintiff LUIGI SELCA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "71" inclusive, with the same force and effect as though fully herein set forth at length.

73) Defendants by its acts intentionally caused Plaintiff LUIGI SELCA emotional distress.

74) Defendants acts were deliberate, intentional and calculated to cause humiliation, embarrassment, fear, degradation and emotional distress.

75) That each employer is liable for the discriminatory acts of its employees, agents/independent contractors pursuant the N.Y.C. Admin. Code§ 8-107(13), N.Y.C. Admin. Code§ 8-107(6) and Art. 15 N.Y. Exec. Law 296(6).

76) Defendants JOHN COLEMAN and WARREN HARR were employed by the remaining Defendants at all relevant times.

WHEREFORE Plaintiff LUIGI SELCA respectfully request that this Court grant the following relief:

1) Awarding back pay to Plaintiff LUIGI SELCA for all lost of earnings and benefits sustained from the date of the adverse employment action (May 31st, 2007) until the date of verdict.

2) Awarding front pay damages from the date of verdict forward to compensate Plaintiff for his future lost earnings.

3) Award compensatory damages to Plaintiff LUIGI SELCA in an amount to be determined by the Jury, that would fully compensate Plaintiff for economic loss, humiliation, harassment and emotional distress that has been caused by the conduct of Defendants alleged herein pursuant to 42 U.S.C. 2000e et. al, N.Y.C. Admin. Code§ 8-502, Art. 15 N.Y. Exec. Law 297(9), New York Common Law and all relevant Federal, State and City statues in causes of action one (1) through fourteen (14).

4) Award punitive damages to Plaintiff in the amount to be determined by the Jury that would punish Defendants for the willful, wanton and reckless conduct alleged herein and that would effectively deter similar conduct in the future.

5) Award reasonable attorney fees/cost.

6) Such other and further relief as this Court deems just, appropriated and equitable.

Yours, etc.

_____
I. Michael Schwartz, Esq.
122 East 42nd Street, Suite 1616
New York, New York 10168
(212) 613-5746

# EXHIBIT A

EEOC Form 161-B (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | From: |
|---|---|
| Luigi Selca<br>752 Pelham Parkway, Apt 3S<br>Bronx, New York 10462 | Equal Employment Opportunity Commission<br>New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, New York 10004-21 |

[  ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-03973 | Rodney E. Plummer | (212) 336-3767 |

*(See also the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]   More than 180 days have passed since the filing of this charge.

[   ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]   The EEOC is terminating its processing of this charge.

[   ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[   ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[   ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosure(s)   *(signature)*   2/22/08
Spencer H. Lewis, Jr., District Director         *(Date Mailed)*

cc:   Respondent(s):   Douglas Elliman Property Management         C/P Attny: Michael Schwartz
      c/o SG2 Management, LLC                                       Attorney At Law
      25 West 45th Street, Suite 505                                122 East 42nd Street, Suite 1616
      New York, New York 10017                                      New York, New York 10168
      Attn: Director of Personnel

# **RULE 11(B) STATEMENT**

Attorney certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances:

(1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2) The claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law.

(3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonable based on belief or a lack of information.

Dated May 14th, 2008

I. Michael Schwartz
122 East 42nd. Street, Suite 1616
New York, New York 10168
(212) 613-5746
email imichaelschwartz@verizon.net

EFC-CASE
08-cv4521
LAK

UNITED STATES EASTERN DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------------------------------x
LUIGI SELCA                                                                  PLAINTIFF

       v.

DOUGLAS ELLIMAN PROPERTY MANAGEMENT          DEFENDANTS
SOUNDVIEW MANAGEMENT LLC
SG2 MANAGEMENT, LLC
AAF SOUNDVIEW MANAGEMENT
JOHN COLEMAN,
WARREN HARR
-------------------------------------------------------------------------------------------------------x

Attorney for Plaintiff
I. Michael Schwartz
122 East 42nd. Street, Suite 1616
New York, New York 10168
(212) 613-5746