UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LUIGI SELCA

    Plaintiff,

  v.

DOUGLAS ELLIMAN PROPERTY MANAGEMENT,
SOUNDVIEW MANAGEMENT LLC, SG2
MANAGEMENT, LLC, AAF SOUNDVIEW
MANAGEMENT, JOHN COLEMAN, WARREN HARR

    Defendants.
------------------------------------------------------------------x

08 CV 4521 (LAK)

**Electronically Filed**

**ANSWER TO COMPLAINT**

  Defendants, John Coleman, SG2 Management, LLC, Soundview Management, LLC, and AAF Soundview Management, by their attorneys, HOEY, KING, TOKER & EPSTEIN, answer the Complaint of the Plaintiff by stating as follows:

  1. Defendants deny the allegations of paragraph 1 and respectfully refer all questions of law to this Honorable Court.

  2. Defendants deny the allegations of paragraph 2 and respectfully refer all questions of law to this Honorable Court.

  3. Defendants deny the allegations of paragraph 3 and respectfully refer all questions of law to this Honorable Court.

  4. Defendants deny the allegations of paragraph 4 and respectfully refer all questions of law to this Honorable Court.

  5. Defendants deny the allegations of paragraph 5 and respectfully refer all questions of law to this Honorable Court.

6. Defendants deny the allegations of paragraph 6 and respectfully refer all questions of law to this Honorable Court.

7. Defendants deny the allegations of paragraph 7, except to admit that plaintiff was an employee of defendant Soundview Management LLC.

8. Defendants deny the allegations of paragraph 8.

9. Defendants deny the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10 and respectfully refer all questions of law to this Honorable Court.

11. Defendants deny the allegations of paragraph 11.

12. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13 and respectfully refer all questions of law to this Honorable Court.

14. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Admit the allegations of paragraph 15.

16. Admit the allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18 except to admit that defendant John Coleman is employed by defendant SG2 Management LLC.

19. Defendants deny the allegations of paragraph 19.

20. Defendants deny the allegations of paragraph 20 and respectfully refer all questions of law to this Honorable Court.

21. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants deny the allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29. Respond to paragraphs 29 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Respond to paragraph 33 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

34. Defendants deny the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Respond to paragraph 38 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Defendants deny the allegations of paragraph 42.

43. Defendants deny the allegations of paragraph 43.

44. Respond to paragraph 44 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Respond to paragraph 47 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

48. Defendants deny the allegations of paragraph 48.

49. Respond to paragraph 49 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Respond to paragraph 52 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

53. Defendants deny the allegations of paragraph 53.

54. Respond to paragraph 54 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

55. Defendants deny the allegations of paragraph 55.

56. Respond to paragraph 56 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

59. Defendants deny the allegations of paragraph 59.

60. Defendants deny the allegations of paragraph 60.

61. Respond to paragraph 61 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

62. Defendants deny the allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

64. Defendants deny the allegations of paragraph 64.

65. Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations of paragraph 66.

67. Respond to paragraph 67 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

68. Defendants deny the allegations of paragraph 68.

69. Defendants deny the allegations of paragraph 69.

70. Respond to paragraph 70 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

71. Defendants deny the allegations of paragraph 71.

72. Respond to paragraph 72 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

73. Defendants deny the allegations of paragraph 73.

74. Defendants deny the allegations of paragraph 74.

75. Defendants deny the allegations of paragraph 75.

76. Defendants deny the allegations of paragraph 76.

WHEREFORE PARAGRAPH. Defendants deny that plaintiff is entitled to any of the relief demanded in the Wherefore clause of the Complaint or to any other relief.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

The Complaint is barred, in whole or in part, by the applicable Statute of Limitations and/or administrative filing periods and/or by the failure to satisfy the statutory and administrative prerequisites to the bringing of a legal action. Plaintiff's claims under Title VII of the Civil Rights Act

of 1964 are barred by the applicable Statute of Limitations to the extent they are based on conduct alleged to have occurred more than 300 days prior to the filing of the Charge of Discrimination with the EEOC.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE THESE
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

The Complaint is barred because, to the extent Plaintiff complained of discrimination, Defendants promptly investigated Plaintiff's complaints and took appropriate action based on such investigations.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE THESE
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

The Complaint of the Plaintiff fails to properly state, specify or allege a cause of action or claim on which relief can be granted as a matter of law.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THESE
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

That if it is determined that Defendants are responsible for the acts alleged in the Complaint then Plaintiff failed to take reasonable steps to mitigate his damages.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THESE
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

The Complaint fails to state a claim upon which an award of compensatory and/or punitive damages can be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

Plaintiff is not entitled to recover punitive damages on his claims of discrimination because, at all relevant times, Defendants have engaged in good faith efforts to comply with all laws prohibiting discrimination in employment.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and unclean hands.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

All or part of plaintiff's claims for damages are barred or limited by the doctrine of after-acquired evidence.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

Defendants neither knew of nor condoned or ratified the alleged misconduct, and therefore is not legally responsible for it.  Defendants are not liable for an act committed by an employee not within the scope of employment.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE
THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

Defendants exercised reasonable care to prevent and correct promptly any alleged discriminatory conduct. And that the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by his employer or to avoid harm otherwise.

**AS AND FOR AN ELVENTH AFFIRMATIVE DEFENSE THESE
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

That plaintiff's claims for disparate impact are not viable because there is no allegation of a disparate impact resulting from a facially neutral policy or practice

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE THESE
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

Any challenged practice by these answering defendants is job related for the position in question and consistent with business necessity

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE THESE
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

Because no discovery has been taken at this stage of the caser, defendants reserve the right to file and serve additional defenses.

**WHEREFORE**, the Defendants demand judgment dismissing the Complaint with prejudice, together with its attorneys' fees, costs and disbursements in this action.  Defendants hereby object to a trial by jury of all issues and matters including, but not limited to, those issues and matters on lost wages, back pay, front pay and other equitable relief.

DATED:   June 24, 2008
         New York, New York

                           Yours, etc.

                           HOEY, KING, TOKER & EPSTEIN
Attorneys for **Defendants**
**JOHN COLEMAN, SG2 MANAGMENT, LLC, SOUNDVIEW MANAGEMENT, LLC, AND AAF SOUNDVIEW MANAGEMENT**
Office and Post Office Address
55 Water Street, 29th Floor
New York, New York 10041-2899
(212) 612-4200

By:  /s
_____
        Glen H. Parker

To:

Michael Schwartz, Esq.
Attorneys for Plaintiff, Luigi Selca
122 East 42nd Street, 1616
New York, New York 10168


Douglas Elliman Property Management
675 Third Avenue, 6th Floor
New York, New York 10017

WARREN HARR